9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary R. GARGANI, Plaintiff-Appellant,
v.
Janet RENO,** U.S. Atty. General; J.
Quinlin, Director of B.O.P.; Al Kanahele, Warden, MCC, San
Diego, California; R. Hayden, Doctor, Chief Health & Safety
Officer; James E. MacSweeney, Contract Doctor, Defendants-Appellees.
 No. 93-55115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gary R. Gargani, a federal prisoner, appeals pro se the district court's summary judgment in favor of the defendants, prison officials and a contract doctor, in his action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The district court determined that Gargani had not proffered evidence sufficient to show that the defendants were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045.
 
 
 4
 To establish a violation of the eighth amendment, Gargani must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). A prisoner must show that prison officials have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish deliberate indifference. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's eighth amendment rights. Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988).
 
 
 5
 Gargani contends that the defendants showed deliberate indifference to his serious medical needs while he was a pre-trial detainee at the Metropolitan Correctional Center (MCC) in San Diego. Gargani contends that defendant MacSweeney performed unnecessary surgery on his leg, causing him severe pain and requiring additional surgery. Gargani also contends that the defendant prison officials failed to provide him with prescribed post-operative care, such as cleaning and dressing his wound, and failed to respond to his complaints of pain. Gargani contends that he suffered infections as a result.
 
 
 6
 In their motion for summary judgment, the defendants submitted Gargani's medical records. These records indicate that Gargani was seen by medical personnel numerous times, that his complaints were promptly addressed, and that additional corrective surgeries were undertaken to allow his leg to heal properly and minimize his pain.
 
 
 7
 In his response to the defendants' summary judgment motion, Gargani submitted the same medical records to show that the first operation on his leg was performed improperly, and that his leg became infected following surgery. However, any impropriety in the procedure performed on Gargani would amount to mere malpractice or negligence, which does not violate the eighth amendment. See Hutchinson, 838 F.2d at 392. Further, Gargani has failed to show that his symptoms were ignored, or that the defendants failed to respond to his medical needs. See McGuckin, 974 F.2d at 1060. Accordingly, the defendants' motion for summary judgment was properly granted. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 8
 Gargani also contends that the district court erred by denying his motion for appointed counsel. There is no constitutional right to appointed counsel in section 1983 actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). A district court has the discretion to appoint counsel for indigent litigants. 28 U.S.C. § 1915(d). However, the district court may appoint counsel only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). To determine whether exceptional circumstances exist, the court must evaluate both (1) the likelihood of success on the merits and (2) the petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Id.
 
 
 9
 Here, the district court noted that Gargani had skillfully prosecuted his case, conducted discovery, and defended dispositive motions. Furthermore, in light of our disposition of this appeal, we agree with the district court that Gargani had not shown a likelihood of success on the merits. See id. Accordingly, the district court did not abuse its discretion by denying Gargani's motions for appointed counsel. See id.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gargani's motion for an extension of time in which to file a request for oral argument is denied. The appellees' motions to strike portions of Gargani's briefs are also denied
 
 
 **
 Janet Reno has been substituted for former United States Attorney General Richard Thornburgh
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gargani also argues that the district court erred by limiting his discovery. However, we note that the district court granted Gargani three extensions of time in which to conduct discovery, and considered allowing Gargani to file interrogatories exceeding the page limit set by local rules. In these circumstances, we find that the district court did not abuse its discretion to control discovery. See FedR.Civ.P. 26(b)(1)