# UNITED STATES COURT OF APPEALS

Filed 6/25/96

## TENTH CIRCUIT

---

GARY R. GARGANI,

      Plaintiff-Appellant,

v.

KATHLEEN HAWK, Director,
BOP; J.W. BOOKER, Warden;
DANIEL BURNETT, HSA
Administrator; J. BLANK,
Correctional Counselor,

      Defendants-Appellees.

No. 95-1488
(D.C. No. 95-S-2595)
(Dist. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Gary R. Gargani filed this pro se civil rights action alleging defendants Kathleen M. Hawk, J.W. Booker, Daniel Burnett, and J. Blank, all federal prison officials, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court dismissed Mr. Gargani's complaint pursuant to 28 U.S.C. § 1915 (d) because he failed to allege deliberate indifference on the part of defendants. The dismissal crossed in the mail with a Supplement to the Original Complaint, which the district court declined to consider. Mr. Gargani appeals,[1] and we affirm.

Mr. Gargani has undergone numerous major operations on his legs while in federal custody and currently suffers from a bone infection and deterioration of bone mass. He alleged that in addition to medication, he was prescribed a special lift shoe and hinged brace which defendants failed to provide.

As Mr. Gargani well knows, see Gargani v. Reno, 9 F.3d 1551, 1993 WL 460660 (9th Cir. 1993), the Eighth Amendment prohibits the deliberate indifference to a prisoner's serious medical needs, Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Intentional interference with prescribed treatment may constitute deliberate indifference. Id.; Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

---

[1] The district court granted informa pauperis status to Mr. Gargani for appeal purposes.

mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. A difference of opinion with respect to medical treatment does not support a claim of cruel and unusual punishment. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Moreover, a delay in receiving prescribed medical treatment constitutes a violation of the Eighth Amendment only "if there has been deliberate indifference which results in substantial harm." Id. (citation omitted). Deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence." Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir. 1990). Given Mr. Gargani's prior prison litigation involving his medical condition, his failure to allege properly an Eighth Amendment violation in his initial complaint is inexcusable. Even considering his supplemental complaint, however, we are not persuaded he has alleged a constitutional violation.

Relying on a personal doctor, Mr. Gargani contends that the denial of the leg brace constitutes an Eighth Amendment violation. The prison doctor determined, however, that a leg brace would not benefit Mr. Gargani. Mr. Gargani simply differs with that opinion. Mr. Gargani also contends that the delay in providing his lift shoe constitutes an Eighth Amendment violation. Mr. Gargani was evaluated by the prison doctor and was offered a knee sleeve, which he refused. He has been informed on at least two occasions that a lift shoe was ordered. While Mr. Gargani alleges serious medical injuries, his allegations of

delay do not rise to the level of an Eighth Amendment violation.[2]

We **AFFIRM** the judgment of the district court.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[2] We decline to consider issues Mr. Gargani raises for the first time on appeal.  See Oyler v. Allenbrand, 23 F.3d 292, 299 n.8 (10th Cir. 1994).