74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Beryl RAGAN, Plaintiff-Appellant,
v.
Jon SMITH, Sheriff of Johnston County; James Gastineau,
Under sheriff of Johnston County, Defendants-Appellees.
 No. 95-7069
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL, Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Beryl Ragan ("Ragan") appeals the sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C.1983. The complaint, filed pro se and in forma pauperis,[2] alleged constitutional violations arising during his incarceration in the Johnston County, Oklahoma jail.[3] Ragan listed Jon Smith, Johnston County Sheriff and James Gastineau, Johnston County Undersheriff as defendants.
 
 
 3
 First, Ragan claims his Eighth and Fourteenth Amendment rights were violated by defendants' deliberate indifference to his medical needs following an alleged fall in the shower of the Pushmataha County, Oklahoma jail on or about September 20, 1993. After the fall, Ragan was transported to the Johnston County jail. Ragan did not see a physician until four days after his fall, although he alleges he asked Johnston County officials to see a physician immediately after he was transported to the Johnston County jail. Ragan claims he was not permitted to have his prescription filled until seven days after seeing the physician, and that he was not permitted to return to the physician even though the physician advised he could do so as needed. Ragan contends that this treatment by the defendants caused him to experience severe pain and auditory and visual hallucinations, and constituted a deliberate indifference to his medical needs.
 
 
 4
 Second, Ragan claims he was subject to excessive force related to restraints used on him after he attempted to escape from jail. Based on the belief that the jailer and the jailer's son were trying to kill him, Ragan started a fire in the jail in order to attract help from outside the jail. When his cell door was opened, Ragan fled the jail, hid in some bushes, and later stopped a city police car in order to report the alleged murder plot. Ragan was taken to City jail and was kept in restraints until he was transferred to the Oklahoma Department of Corrections. He claims the restraints were so tight they caused bleeding and restricted his circulation.
 
 
 5
 The district court dismissed the complaint as legally frivolous pursuant to 28 U.S.C.1915(d), stating that "the complaint is without merit in that it lacks an arguable basis either in law or fact." See Nietzke v. Williams, 490 U.S. 319, 325 (1989); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987). We review the district court's dismissal of the complaint as frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 6
 With respect to Ragan's deliberate indifference claim, the district court relied upon our decision in Olson v. Stotts, 9 F.3d 1475 (10th Cir.1993), wherein we held that "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." Olson, 9 F.3d at 1477 (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)). Applying this standard, the district court held that the acts complained of did not show deliberate indifference to Ragan's medical needs, and that there was no evidence upon which to base a finding that Ragan suffered substantial harm from the four day delay in seeing a physician. Ragan requested medical attention and he received it. Furthermore, a medical diagnosis was made and Ragan received medication as treatment. With respect to Ragan's claim of excessive force, the district court found Ragan's allegations "vague, conclusory, and [ ] not ris[ing] to the level of a constitutional deprivation."
 
 
 7
 After reviewing the record on appeal and the parties' briefs, we AFFIRM the district court's April 6, 1995 Order dismissing Ragan's complaint pursuant to 28 U.S.C.1915(d) for substantially the same reasons set forth therein. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The district court granted Ragan's motion to proceed in forma pauperis
 
 
 [3]
 Ragan is now incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma