**UNITED STATES COURT OF APPEALS**
**Filed 2/4/97**
**TENTH CIRCUIT**

---

| | |
|---|---|
| ANDRES FLORES, | |
|      Plaintiff-Appellant, | |
| v. | |
| BURL McCULLAR; DOCTOR NEFELD; CASE MANAGER NELSEN; THE NURSES WHO TREATED PLAINTIFF AT THE COLORADO TERRITORIAL CORREC-TIONAL FACILITY INFIRMARY, named as Nurses in Whom I Was Under the Care of at Colorado Territorial Correctional Infirmary, and ALL UNKNOWN NAMED COLORADO DEPARTMENT OF CORRECTIONS OFFICERS INVOLVED IN THE DISCI-PLINARY ACTIONS RELATED TO THIS COMPLAINT, named as All Department of Corrections Officers Involved in the Disci-plinary Actions Relating To This Complaints [sic] Not Known at This Time, in their personal capacities, | No. 96-1195 (D.C. No. 96--S-123) (D. Colo.) |
|      Defendant-Appellees. | |

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. Submitted without oral argument.

Plaintiff Andres Flores appeals the dismissal of his civil rights complaint under 42 U.S.C. § 1983 against prison officials and medical personnel. Mr. Flores alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The district court dismissed the petition as frivolous under 28 U.S.C. § 1915(d).

We have reviewed Mr. Flores' amended complaint, and we agree with the district court that the claim of an Eighth Amendment violation is frivolous. Contrary to Mr. Flores' assertion, the district court was not required to order a Martinez report pursuant to Martinez v. Aaron, 570 F. 2d 317 (10th Cir. 1978),

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

before it dismissed the case when Mr. Flores' complaint established that significant medical treatment was provided him by the prison.

We AFFIRM the judgment of the district court substantially for the reasons stated in the Order of Dismissal filed May 7, 1996. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge