F I L E D
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 20 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
Clerk

GEORGE A. SHAMBLIN,

     Plaintiff-Appellant,

v.

DR. PHAM, M.D., Chief Medical
Officer, El Dorado Correctional
Facility; GUYER, PA., Physician's
Assistant, El Dorado Correctional
Facility; DR. BRICE, Dentist, El
Dorado Correctional Facility,

     Defendants-Appellees.

No. 00-3017

(D.C. No. 99-CV-3335)
(D.Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff George A. Shamblin appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Shamblin is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On October 15, 1999, Shamblin filed a 42 U.S.C. § 1983 complaint in federal district court, alleging that defendants Dr. Pham, Mr. Guyer, and Dr. Brice were deliberately indifferent to his pain and suffering and intentionally denied him medical care, thereby violating his Eighth Amendment rights. Shamblin detailed the treatment he received from Dr. Pham for gall bladder complaints and alleged Dr. Pham should have ordered Shamblin's gall bladder removed years before he did. Shamblin also recited treatment received from Mr. Guyer for a sinus infection and from Dr. Brice for a dental complaint and contended both provided him with inadequate medical care and treatment. The district court *sua sponte* dismissed Shamblin's complaint for failure to state a claim for relief before defendants filed an answer. The district court determined Shamblin's complaint showed he had "received considerable medical care during his incarceration, including medication, review by nurses, physicians, and a dentist, and laboratory testing." Order of Dec. 20, 1999, at 2. The district court concluded that Shamblin's "claims most properly must be construed as no more

2

than dissatisfaction with the type of medical care he has received rather than as a claim of deliberate indifference." Id. at 3. The district court denied Shamblin's motion to amend and for reconsideration.

II.

Shamblin raises three issues on appeal: (1) whether the district court erred in dismissing his complaint for failure to state a claim; (2) whether the district court erred in denying his motion to amend his complaint; and (3) whether the district court erred in not ordering defendants to file a Martinez report in response to his complaint.

### *Dismissal for failure to state a claim*

The district court dismissed Shamblin's complaint for failure to state a claim for relief. We apply a de novo standard of review to the district court's dismissal for failure to state a claim. Childress v. City of Arapaho, 210 F.3d 1154, 1156 (10th Cir. 2000) (stating Fed. R. Civ. P. 12(b)(6) standard of review); Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) (stating 42 U.S.C. § 1915(e)(2)(B)(ii) standard of review).

Shamblin alleged defendants violated his Eighth Amendment rights by failing to provide him with medical care. "The Eighth Amendment, applied to the states through the Due Process Clause of the Fourteenth Amendment,

3

prohibits infliction of cruel and unusual punishments on those convicted of crimes." Miller v. Glanz , 948 F.2d 1562, 1569 (10th Cir. 1991). To state a cognizable Eighth Amendment claim for failure to provide medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" Olson v. Stotts , 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis omitted) (quoting Estelle v. Gamble , 429 U.S. 97, 106 (1976)). The deliberate indifference requirement has two components: (1) an objective component requiring that the pain or deprivation be sufficiently serious, and (2) a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. Perkins , 165 F.3d at 809 (citing Wilson v. Seiter , 501 U.S. 294, 298-99 (1991)).

An allegation of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis does not establish the requisite culpable state of mind. Wilson , 501 U.S. at 297. Further, a plaintiff's difference of opinion with the medical judgment of the prison doctor is insufficient to support a claim of cruel and unusual punishment. Olson , 9 F.3d at 1477. Shamblin's complaint alleged he was not sufficiently treated for his ailments. Shamblin takes issue with defendants' decisions about how to treat his conditions, but he does not contend that he received no medical treatment. Shamblin's complaint shows he received consistent medical attention. See Perkins , 165 F.3d at 811 (stating that "a

4

prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"). At most, Shamblin alleged defendants were negligent in his treatment. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Id. The district court did not err in dismissing Shamblin's complaint for failure to state a claim.

**Denial of motion to amend**

We review the district court's denial of a motion to amend a complaint for abuse of discretion. Lambertsen v. Utah Dep't of Corrections, 79 F.3d 1024, 1029 (10th Cir. 1996). The district court denied Shamblin's motion to amend, concluding his claims "sound, at most, in malpractice." Order of Feb. 2, 2000, at 2. Shamblin's proposed amendment continued the allegations of his complaint and contained no allegations amounting to a constitutional violation. The district court did not abuse its discretion in denying Shamblin's motion to amend.

**Failure to order Martinez report**

Shamblin contends the district court should have *sua sponte* ordered defendants to respond to his complaint with a Martinez report. "[T]he district court was not required to order a Martinez report pursuant to Martinez v. Aaron,

570 F.2d 317 (10th Cir.1978), before it dismissed the case when [defendant's] complaint established that significant medical treatment was provided him by the prison." Flores v. McCullar, 107 F.3d 20, 1997 WL 43521 at *1 (10th Cir. 1997) (unpublished disposition). We conclude the district court did not abuse its discretion in not ordering a Martinez report when Shamblin failed to allege he was denied constitutionally required medical care.

## III.

Defendants contend this appeal is not ripe because Shamblin has not paid the required appellate filing fee. The district court granted Shamblin leave to proceed on appeal in forma pauperis without payment of an initial partial appellate filing fee and ordered that Shamblin's payments toward the appellate filing fee would begin after he had satisfied prior fee obligations. This appeal is properly before us and we remind Shamblin of his continuing obligation to make payments until the entire filing fee is paid.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6