Carrol Richard OLSON,
Plaintiff–Appellant,

v.

Gary STOTTS, Secretary of Corrections; David R. McKune, Warden; Joan Finney, Governor; The State of Kansas, Defendants–Appellees.

No. 93–3121.

United States Court of Appeals,
Tenth Circuit.

Nov. 16, 1993.

Carrol Richard Olson, pro se.

Before MOORE, ANDERSON, and TACHA, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff Carrol Richard Olson appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and denial of his motion for leave to proceed in forma pauperis.[1] The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff, a state prisoner, filed this action pro se and in forma pauperis. His complaint alleges a denial of adequate medical care, adequate exercise, and kosher meals. Before defendants had been served with the complaint, the district court ordered prison officials to investigate plaintiff's allegations and file a *Martinez* report, so that the court could evaluate whether there was a factual or legal basis to the claims. *See Martinez v. Aaron,* 570 F.2d 317, 319–20 (10th Cir.1978). Plaintiff was permitted to file a response to the *Martinez* report.

■ As plaintiff is representing himself, his complaint will be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Section 1915(d) allows the district court to dismiss an in forma pauperis suit if it is frivolous. A claim is frivolous if the factual contentions supporting the claim are " 'clearly baseless,' " *Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (quotation omitted), or the claim is based on a legal theory that is "indisputably meritless," *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "A court may consider the *Martinez* report in making its clearly baseless determination, but 'it cannot resolve material disputed factual findings when they are in conflict with the pleadings or affidavits.' " *Shabazz v. Askins,* 980 F.2d 1333, 1334 (10th Cir.1992) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)). We review the district court's dismissal under § 1915(d) for an abuse of discretion. *Denton,* —— U.S. at ——, 112 S.Ct. at 1734.

■ Plaintiff's claim of deliberate indifference to his medical needs is based on allegations that he was scheduled for his second heart surgery on September 14, 1992, for his life threatening heart condition, but defendants refused to deliver him for the surgery. Plaintiff had not received the surgery when he filed his complaint on September 21, 1992. He requests a court order directing defendants to provide the necessary medical treatment, as well as damages for pain and suffering from defendants' alleged deliberate indifference to his medical needs.

According to the *Martinez* report, plaintiff entered the hospital for his second procedure on September 25, 1992 (eleven days after he alleges it was originally scheduled). Plaintiff admits in his response to the *Martinez* report that he did receive the catheterization and angioplasty, but he enlarges his claim to cover the prison's failure to provide him with a heart specialist and these procedures when he was first incarcerated, thereby making him suffer for eighteen months. The district court found that "[t]his sequence of events does not present a factual basis for a claim of deliberate indifference." R. 8 at 2. We agree.

Reading his original complaint and his response to the *Martinez* report liberally, we have thoroughly reviewed the medical records which plaintiff attached in order to discover the factual basis for his claim of deliberate indifference to his medical treatment. "This plaintiff is attaching two statements from Dr. Mancina and Humana hospital. Plaintiff could attach numerous ones but these are self explanatory of L.C.F. and its wardens deliberate indifference...." Plaintiff's Traverse to the *Martinez v. Aaron Report,* p. 11. According to these documents, plaintiff was discharged from his first hospitalization on August 8, 1992. Even accepting plaintiff's allegation that the second procedure was scheduled for September 14, it is clear that the second procedure was electively scheduled. That is, plaintiff's own proffer of the facts reveals that his heart specialist determined not to perform the second proce-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

dure during the first hospitalization. Rather, plaintiff was discharged in early August, and his second procedure was not scheduled until almost six weeks later.

■ Although the *Martinez* report suggests that the additional eleven-day delay could have been due to the prison's policy of not informing inmates of the dates of appointments outside the prison, we need not resolve any factual dispute to determine that an eleven-day delay in elective surgery does not meet the "deliberate indifference" standard set by *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). With regard to plaintiff's enlarged claim that he was made to suffer for eighteen months while the prison failed to provide him with a heart specialist and surgery, we again look solely to the medical records that plaintiff submits in support of his claim of deliberate indifference. Rather than support a claim of deliberate indifference, the attachments show appropriate medical treatments prior to hospitalization. In his discharge summary, the heart specialist specifically states, "The patient was admitted to the hospital because of recurrent chest pain treated with Nitroglycerine effectively." Discharge Summary, p. 1. "In order to state a cognizable claim, a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 (emphasis added). In *Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), the Court clarified and emphasized the Eighth Amendment's deliberate indifference standard under *Estelle.* "[O]nly the ' "unnecessary *and wanton* infliction of pain" ' implicates the Eighth Amendment." *Id.* —— U.S. at ——, 111 S.Ct. at 2323 (emphasis in the original) (quotation omitted).

During the entire period of the alleged delay, plaintiff received effective medication. At most, plaintiff differs with the medical judgment of the prison doctor, believing that he should have received his elective surgery sooner than he did. Such a difference of opinion does not support a claim of cruel and unusual punishment. *See Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993).

■ Plaintiff's second claim is that he is unable to walk four miles a day, as his doctor ordered, because the only hour he can use the yard is also the only hour he can use the law library. At most, plaintiff is arguing that restricted time outside his cell makes it difficult for him to follow his doctor's orders. He does not claim that defendants have restricted his yard time for the purpose of interfering with his efforts to follow his doctor's orders. Nor does he claim that he must have access to the yard in order to walk. We hold this claim states no arguable basis in law or in fact for concluding that defendants intentionally interfered with his ability to follow his doctor's orders. For this reason, we affirm the district court's § 1915(d) dismissal of this claim.

■ Plaintiff's final claim is that defendants denied him the right to receive a kosher meal in the officers' mess hall. The suspension of a prisoner's privilege of receiving a meal in a particular location simply does not amount to the kind of deprivation that forms the basis of an Eighth Amendment violation. *See Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (Eighth Amendment claims must be based on deprivation of a "minimal civilized measure of life's necessities"). Accordingly, we hold that this claim is based on an indisputably meritless legal theory and the district court's § 1915(d) dismissal was not an abuse of discretion. Furthermore, plaintiff's allegations of discrimination and religious prejudice in connection with this claim are fantastic and delusional, as the district court concluded.

Finally, we note that plaintiff failed to allege personal participation of the defendants. *See Coleman v. Turpen,* 697 F.2d 1341, 1346 n. 7 (10th Cir.1982) (defendant cannot be liable under § 1983 unless personally involved in the deprivation).

The motion to proceed in forma pauperis is granted. The judgment of the United States District Court for the District of Kansas is AFFIRMED.