45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herman Junior REVELLO, Jr., Plaintiff-Appellant,
v.
David GRAYSON and Melanie Gregory, Defendants-Appellees.
 No. 94-1038.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Herman Junior ReVello, Jr., proceeding pro se, appeals the dismissal of his civil rights complaint against prison health officials. We affirm.
 
 
 3
 Mr. ReVello filed his complaint pursuant to 42 U.S.C.1983 alleging that medical staff violated his Eighth Amendment rights during his pretrial detention at the Adams County Detention Facility. He claims that he suffers from severe arthritis and that Dr. David Grayson and Melanie Gregory, the facility's Technical Services Manager, denied him proper medical treatment for his condition. Upon the magistrate's recommendation, based on a review of a Martinez report and Mr. ReVello's response, the district court dismissed the complaint with prejudice.
 
 
 4
 Mr. ReVello alleges a violation of his Eighth Amendment right to receive medical treatment while incarcerated. " 'In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' " Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976), and adding emphasis). We have recognized that an "inquiry regarding an alleged Eighth Amendment violation contains two parts: an objective component asking whether the deprivation was sufficiently serious and a subjective component asking whether the officials acted with a sufficiently culpable state of mind." Clemmons v. Bohannon, 956 F.2d 1523, 1525-26 (10th Cir.1992) (en banc).
 
 
 5
 Mr. ReVello does not allege specific acts or omissions by Dr. Grayson and Ms. Gregory that constitute " 'unnecessary and wanton infliction of pain.' " Olson, 9 F.3d at 1477 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)). Mr. ReVello bases his allegations against Dr. Grayson upon the fact that Dr. Grayson cancelled a scheduled appointment with him on October 5, 1993. Even if a cancelled appointment constituted wanton infliction of pain, medical and prison records reveal that Dr. Grayson was present at the rescheduled appointment on October 8. Mr. ReVello's complaint against Ms. Gregory is based upon his discussion with her on October 12, at which time she explained that prison policy was to deny treatment unless the attending physician determines that it is medically justified. We hold that this does not demonstrate the requisite culpability.
 
 
 6
 Because Mr. ReVello has failed to state a claim of deliberate indifference to serious medical needs, we AFFIRM the district court's dismissal of his action.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470