48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles L. FREDERICK, Plaintiff-Appellant,
v.
Larry A. FIELDS and Dennis Cotner, Defendants-Appellees.
 No. 94-6368.
(D.C. No. CIV-94-331-W)
 United States Court of Appeals, Tenth Circuit.
 March 2, 1995.
 
 Before SEYMOUR, Chief Judge, and McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Frederick has filed suit under 42 U.S.C.1983, claiming that he has been subjected to deliberate indifference by certain Oklahoma prison officials. The gist of his complaint is that he has a hereditary defect which renders him unable to chew properly while wearing dentures; furthermore, he claims that his dentures cause him to gag. Mr. Frederick has requested to see an oral surgeon so that he may be evaluated as a candidate for dental implants. The district court ordered a Martinez report responding to Mr. Frederick's allegations. The record indicates that Mr. Frederick has received constitutionally adequate dental care. He has presented no evidence of a hereditary defect or of any recurring problems with his present dentures, which he has worn for over seven years. He has not substantiated his claim that he has difficulty in eating. Mr. Frederick was examined by a dentist in May of 1993 and did not complain of gagging problems.
 
 
 3
 After de novo review, we have determined that the district court properly entered summary judgment in favor of the defendants. Even when read in the light most favorable to Mr. Frederick, the facts pertaining to the Oklahoma prison officials do not approach those required to meet the deliberate indifference to medical needs standard set forth in Estelle v. Gambell, 429 U.S. 97 (1976). See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993); see also Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).
 
 
 4
 The order of the district court granting summary judgment in favor of the Defendants-Appellees is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470