**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

URBANO CABRERA ALEJO,

      Plaintiff - Appellant,

v.

GONZALEZ, Correctional Office[r],

      Defendant - Appellee.

No. 99-1403
(D.C. No. 98-B-2510)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

This case arises from the denial of a prison inmates' request for treatment

of a headache. Appellant Urbano Cabrera Alejo appeals pro se the district court's

dismissal of his Eighth Amendment deliberate indifference claim as frivolous and

for failure to state a claim upon which relief may be granted. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I**

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

In the late afternoon of August 3, 1998, Alejo developed intense pain on the side of his head that lasted until the following morning. Due to a prior head injury occurring in 1991, Alejo was concerned that the current head pain was related and therefore could have serious medical consequences if not treated promptly. According to Alejo, Officer Enrique A. Gonzalez denied his request to see a physician's assistant and told him that "if he pressed his duress button again he was going to write him up." (Appellant's Br. at 17.) Both Gonzalez and Physician Assistant Ronald C. Camacho assert that Gonzalez called Camacho, but when the two went to Alejo's cell, he refused to see them. Later that week, on August 6, Alejo was treated for another headache, as well as chills, vomiting, and nausea.

## II

We review de novo the dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). It is undisputed that convicted inmates are protected from "deliberate indifference" to their "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a prisoner must demonstrate more than mere negligence; a negligent failure to provide adequate medical care, even one constituting medical

malpractice, does not rise to the level of a constitutional violation.     See id. at 105-06.

A delay in prescribing medical treatment constitutes a violation of the Eighth Amendment only "'if there has been deliberate indifference which results in substantial harm.'"     Olson v. Stotts , 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting  Mendoza v. Lynaugh  , 989 F.2d 191, 195 (5th Cir. 1993))   . "Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems." Hunt v. Uphoff, No. 98-8073, 1999 WL 1268340, at *3 (10th Cir. Dec. 30, 1999) (citing Hill v. Dekalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1187 & n.21 (11th Cir. 1994) (collecting cases)). Prison officials may be liable for delays resulting in lifelong handicaps or permanent losses. See Hunt, 1999 WL 1268340, at *3. Alejo's claim necessarily fails because he has not alleged "deliberate indifference which result[ed] in substantial harm" from the failure to treat his head pain. Olson, 9 F.3d at 1477. His headache subsided by morning without treatment and did not result in any harm, much less "a lifelong handicap or a permanent loss." Hunt, 1999 WL 1268340, at *3.

**III**

If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes. See Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). The district court correctly determined that the complaint was frivolous, and, lacking any arguable basis in law or fact, we also deem this appeal frivolous under 28 U.S.C. § 1915(e)(2)(B). Alejo incurs strikes one and two. He now has two strikes for purposes of § 1915(g) because he did not accumulate any strikes prior to this lawsuit. Alejo is advised that if he incurs one more strike by filing another frivolous suit, he will no longer be entitled to proceed in forma pauperis in any further federal lawsuits, other than habeas, which do not involve "imminent danger of serious physical injury." White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998), cert. denied, 119 S. Ct. 1150 (1999). Finally, we remind Alejo of his continuing obligation to pay all installments of the deferred appellate filing fee until it is paid in full. No exception is made for dismissed appeals. See 28 U.S.C. § 1915(b)(2); Jennings, 175 F.3d at 781.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge