**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GARY DON LITTLE,

     Plaintiff-Appellant,

v.

DR. ARCHER, a/k/a/ Dale Archer,

     Defendant-Appellee.

No. 00-7025
(D.C. No. 97-CV-507-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gary Little filed an action pursuant to 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations that occurred during his incarceration in the Carter County Detention Center. He alleged that Dale Archer, a physician's assistant on contract with the detention center, violated his Eighth Amendment right to be free from cruel and unusual punishment when he showed deliberate indifference to plaintiff's serious medical needs. [1] The district court granted summary judgment in favor of defendant, and plaintiff appeals. After *de novo* review, we affirm. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (stating that this court reviews summary judgment ruling *de novo*).

Plaintiff was booked into the detention center on August 4, 1997, and he advised the officials that he was a heroin addict. He requested medical treatment for his addiction, both verbally and in writing. When he filed his complaint, he had not yet been seen by defendant. In response to plaintiff's written request for medical services, defendant examined plaintiff on September 8, 1997. Although he prescribed medication and recommended a mattress for back pain, defendant determined that no treatment was necessary for plaintiff's drug addiction.

---

[1] In his complaint, Little named several defendants other than Dale Archer, and alleged several other constitutional violations. The district court granted summary judgment in favor of the other defendants, and Little has not appealed from that judgment. His notice of appeal identifies only the summary judgment order in favor of Dale Archer as the subject of this appeal.

Defendant examined plaintiff again on September 8th and October 7th, when he provided treatment for various complaints.

To prevail on his claim that his Eighth Amendment right was violated, plaintiff must show that defendant was deliberately indifferent to plaintiff's serious medical needs. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). The record shows no deliberate indifference by defendant. To the contrary, the record shows that defendant actively treated plaintiff's medical complaints. To the extent that plaintiff is complaining of a delay in medical treatment, this record does not evidence deliberate indifference that resulted in substantial harm. *See id.* Consequently, any delay in treatment here did not violate the Eighth Amendment. Similarly, plaintiff's issue with defendant's decision that plaintiff's drug addiction did not require treatment is nothing more than a difference of opinion as to proper treatment and, as such, does not rise to the level of an Eighth Amendment violation. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

In sum, plaintiff failed to show a violation of his Eighth Amendment right through deliberate indifference to serious medical needs. The district court's grant of summary judgment is AFFIRMED. In addition, we remind plaintiff of

his obligation to continue to make partial payments pursuant to the district court's order that he be allowed to proceed without prepayment of costs or fees. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge