TACHA, Chief Judge,
dissenting
I respectfully dissent. I have searched the record for genuine issues of material fact relevant to finding that Dr. Stratman was deliberately indifferent to Mr. Garrett’s admittedly serious medical need. I find none. Although a delay in the provision of medical care may violate the Eighth Amendment, Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999), the delay must be more than a matter of medical judgment and it must be causally connected to the defendant’s conduct. The record instead shows that Mr. Stratman pursued an ongoing course of treatment and medication that eventually anticipated surgical treatment. Regular notations in Mr. Garrett’s medical records describe various treatments, consultations, and prescriptions directed at treating and relieving the shoulder injury. After submitting the surgical referral request, Dr. Stratman documented the need for surgery and the impending surgical transfer in nearly every notation. Nothing in the record even circumstantially suggests that Dr. Stratman is responsible for any deliberate delay in the surgical treatment.
Mr. Garrett disagrees with Dr. Strat-man’s decision to wait seven weeks before referring him to an orthopedic specialist, but this delay is clearly a result of Dr. Stratman’s medical judgment. Mr. Garrett’s mere disagreement with his doctor regarding the early weeks of his treatment does not constitute deliberate indifference. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993) (“[A] difference of opinion does not support a claim of cruel and unusual punishment.”). The Supreme Court has characterized deliberate indifference as a “stringent standard of fault,” Bd. of County Comm’rs v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382,137 L.Ed.2d 626 (1997), and has cautioned that a defendant’s conduct must be more than negligent to constitute cruel and unusual punishment under the Eighth Amendment: “Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.” Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The delay between the initial consultation with Dr. Stratman on June 22, 1995 and the referral to the orthopedic specialist, Dr. Sutton, on August 10, 1995 is fully explained by the undisputed statement of Dr. Stratman: “In my medical judgment, this type of injury should be given time to heal naturally. If that does not occur within six to eight weeks, a referral to a consultant orthopedic specialist is in order.” Dr. Stratman’s referral to Dr. Sutton was entirely consistent with this statement and nothing in the record contradicts his medical judgment.
Furthermore, less than two weeks after Dr. Sutton recommended surgery, Dr. Stratman submitted a surgical referral request. Dr. Sutton examined Mr. Garrett *958 on August 25, 1995, and on September 5, 1995, Dr. Stratman completed a referral form, recommending that Mr. Garrett be transferred for orthopedic surgery. The eleven days between the orthopedic consultation and the surgical referral cannot, by any reasonable standard, be deliberate indifference. See Olson, 9 F.3d at 1477 (holding prison officials were not deliberately indifferent in waiting eighteen months before providing plaintiff with a specialist and surgery when plaintiff received different, but appropriate, medical treatment prior to surgery).
The majority persists in pointing to an eleven-month delay between Mr. Garrett’s injury and his surgery. But this overstates the delay for which Dr. Stratman is even arguably responsible because, as discussed above, the ten to eleven weeks between Mr. Garrett’s initial visit and submission of the surgical referral request were a result of Dr. Stratman’s medical judgment and cannot be characterized as a delay. The remaining eight months between submission of the surgical referral request and the actual transfer are irrelevant because Dr. Stratman’s conduct is not the legal or proximate cause of the eight-month delay and therefore not the cause of the harm that Mr. Garrett claims resulted from the delay.
Causation is a necessary element of a § 1983 claim of deliberate indifference. Daniels v. Gilbreath, 668 F.2d 477, 488 (10th Cir.1982). Beyond September 5, 1995, the record contains no facts supporting the barest inference that Dr. Stratman had any power or authority to expedite Mr. Garrett’s transfer. To the contrary, in his affidavit, Dr. Stratman clearly stated that he had no authority to order an immediate transfer or even to have the surgery done locally. Nothing in the record disputes this statement. Instead, the record indicates that all orders related to the actual transfer came from the “Medical Designations and Transportation, Central Office” (MDTO) in the Bureau of Prisons’ Central Office in Washington, DC. In fact, the memorandum from the MDTO approving the surgical referral request explicitly prohibited Mr. Garrett’s actual transfer until authorized by the MDTO.[1]
In short, by any summary judgment standard, see e.g., Jeffries v. Kansas, 147 F.3d 1220, 1228 (10th Cir.1998) (allowing the nonmovant “wide berth to prove a factual controversy exists” (internal quotation marks omitted)), the record contains no facts that even inferentially tie Dr. Stratman to any delay in treatment other than a seven-week delay based on his medical judgment and an eleven-day delay in completing a referral form. In all respects, the facts describing Dr. Stratman’s care of Mr. Garrett are consistent with an attentive physician, aware of and treating a serious medical condition and awaiting a transfer for surgery. Because nothing in the record supports a finding of deliberate indifference in this case, I disagree with the majority’s decision to dismiss for lack of jurisdiction.

. In addition, Dr. Stratman's designation of the transfer as "Routine-Urgent” in the surgical referral request does not support even an inference that Dr. Stratman caused the eight-month delay. The fact that Dr. Stratman checked the option recommending "travel ... within two weeks and/or condition warrants direct transfer” does not support the conclusion that Dr. Stratman had authority to order such a transfer. It merely indicates Dr. Stratman used the authority he had to secure Mr. Garrett's timely transfer. Although the form does provide an emergency option, which indicates that time and mode of travel are critical, Dr. Stratman exercised his medical judgment in prioritizing the urgency of the transfer. Nowhere in the record is that judgment refuted.