**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT B. HERL,

      Plaintiff - Appellant,

v.

JOHN GAMBLE, Doctor Employed by
Johnson County Adult Detention
Center through Prison Health Services;
(FNU) CORTRIGHT, Major of
Johnson County Jail,

      Defendants - Appellees.

No. 04-3423

(D. Kansas)

(D.C. No. 04-CV-3228-GTV)

## ORDER AND JUDGMENT [*]

Before **EBEL** , **MCKAY** , and **HENRY** , Circuit Judges.

After examining appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.  *See* FED. R. APP. P. 34(a); 10 TH CIR. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Plaintiff appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.   BACKGROUND

Mr. Herl is incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas.  On July 23, 2004, Mr. Herl filed a 42 U.S.C. § 1983 complaint in federal district court, alleging that defendants Dr. Gamble and Major Cortright were deliberately indifferent to his pain and suffering and intentionally denied him medical care, thereby violating his Eighth Amendment rights.  The district court dismissed Mr. Herl's complaint for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).  We review such a dismissal de novo.  *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

## II.   ANALYSIS

"The Eighth Amendment, applied to the states through the Due Process Clause of the Fourteenth Amendment, prohibits infliction of cruel and unusual punishments on those convicted of crimes."  *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991).  To state a cognizable Eighth Amendment claim for failure to provide adequate medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs.'" *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The deliberate indifference requirement has two components: (1) an objective component requiring that the pain or deprivation be sufficiently serious, and (2) a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. *Perkins*, 165 F.3d at 809 (citing *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991)).

As the district court noted, Mr. Herl complains of delay and ineffective treatment since April and May 2004 for an abscessed tooth, a swollen testicle, a possible hernia, urinary problems, and problematic hemorrhoids. It is clear from Mr. Herl's submissions, which both the district court and this court have construed as supplements to the complaint, that he received ongoing treatment for these concerns, including oral surgery and outside testing.

What remains, therefore, is a difference of opinion between Mr. Herl and the defendants as to the adequacy of the treatment he did receive. A plaintiff's difference of opinion with the medical judgment of a prison doctor is insufficient to support a claim of cruel and unusual punishment. *Perkins*, 165 F.3d at 811 (stating that "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"); *Olson*, 9 F.3d at 1477 (noting that a difference of medical opinion between plaintiff and prison

doctor "does not support a claim of cruel and unusual punishment"). At most, Mr. Herl has alleged that defendants were negligent in his treatment. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins*, 165 F.3d at 811 (citing *Estelle*, 429 U.S. at 105-106). The district court did not err in dismissing Mr. Herl's complaint for failure to state a claim.

Finally, because Mr. Herl has appealed the district court's dismissal to this court and we hereby affirm, the district court's dismissal counts as a "prior occasion" or "strike" for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal. . . . If we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike.").

## III.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Herl's complaint, DENY all other motions as moot, and remind Mr. Herl that he must continue to make partial payments until the entire balance of the appellate

-4-

filing fee is paid.

Entered for the Court,


Robert H. Henry
Circuit Judge