**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL KEITH TIVIS,

      Plaintiff-Appellant,

v.

PATTY BEECROFT, M.D.;
RON LEYBA, Warden; JOE ORTIZ,
Executive Director,

      Defendants-Appellees.

No. 07-1453
(D.C. No. 1:06-cv-02025-WYD-CBS)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Michael Keith Tivis, a Colorado prisoner proceeding pro se, appeals the
district court's grant of summary judgment to the defendants in this action under
42 U.S.C. § 1983. Mr. Tivis suffers from degenerative joint disease in his left
hip. The arguments on appeal concern only one defendant, Dr. Patty Beecroft.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Tivis contends that Dr. Beecroft has exhibited deliberate indifference to his severe medical needs by delaying and denying recommended hip replacement surgery and his receipt of appropriate pain medication.

It is apparent that Mr. Tivis sincerely disagrees with Dr. Beecroft's diagnoses and prescribed course of treatment for his degenerative joint disease. In light of the medical record, however, his beliefs do not establish a constitutional violation. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976). To the extent he argues on appeal that the administration of psychotropic medications is a separate constitutional violation, the claim was not presented as such before the district court, and thus it will not be considered on appeal. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.), *amended on other grounds*, 103 F.3d 80 (10th Cir. 1996).

The judgment of the district court is AFFIRMED for substantially the reasons set forth in the district court's order dated September 24, 2007.

Entered for the Court

John C. Porfilio
Circuit Judge