**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RUSSELL M. BOLES,

      Plaintiff - Appellee,

v.

RICHARD DANSDILL; LT. CHARLES
PEOPLES; TOM MALLARY;
TIMOTHY CREANY; MICHAEL S.
WALSH,

      Defendants - Appellant.

No. 09-1145
(D. Ct. No. 1:05-CV-01661-LTB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

In a 42 U.S.C. § 1983 claim, plaintiff-appellant Russell M. Boles sued various

officials at the Fremont Correctional Facility ("FCF") for violations of his First and

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Eighth Amendment rights related to the denial of kosher food and adequate medical care. The magistrate issued a thorough and comprehensive recommendation that summary judgment be granted in favor of the defendants. The district court agreed with the recommendation and entered judgment for the defendants. Mr. Boles now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. BACKGROUND

Mr. Boles alleges that he suffers from various medical conditions, including hypoglycemia, sleep apnea, irritable bowel syndrome, and allergies. He is also an orthodox Jew. In Claim One of his complaint, Mr. Boles alleges that Captain Richard Dansdill (FCF's kitchen manager), Lieutenant Charles Peoples (FCF's officer responsible for food and snack preparation), and Dr. Timothy Creany (FCF's chief physician) violated his Eighth Amendment rights when they cancelled, interfered with, or did not properly deliver therapeutic kosher snacks that had been prescribed to help with Mr. Boles's hypoglycemia and irritable bowel syndrome. He further alleges that Dr. Creany deliberately ignored or overlooked his medical symptoms and thus failed to diagnose him properly in violation of the Eighth Amendment. Finally, Mr. Boles alleges that Tom Mallary (FCF's food services manager) violated his First Amendment rights by authorizing the improper preparation of kosher food and that Lieutenant Peoples similarly violated his First Amendment rights by not kashering the kitchen workspace and by forcing him to eat his Passover meal away from the chow hall.

In Claim Two, Mr. Boles alleges that Michael Walsh (a physician's assistant at

FCF) was deliberately indifferent to his allergy symptoms in violation of the Eighth Amendment, and that Mr. Walsh further violated his Eighth Amendment rights by denying him prescribed medication and access to medical personnel.

We address the allegations and evidence in more detail below, beginning with Mr. Boles's allegations in Claim Two, and then turning to his claims regarding the therapeutic snacks and preparation of kosher food.

## II. DISCUSSION

A.      Standard of Review

We review summary judgment decisions de novo, applying the same legal standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326.

B.      Treatment of Allergies (Eighth Amendment Claim)

Mr. Boles alleges that Mr. Walsh violated his Eighth Amendment rights by denying him medical treatment for his allergy symptoms. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S.

97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (citation omitted).  An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension."  *Id.* (quotations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Eighth Amendment violation recognized only if medical needs are "serious").  Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Thus, negligence will not give rise to an Eighth Amendment claim.  *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495–96 (10th Cir. 1990).  Accordingly, in order to establish an Eighth Amendment claim that prison officials were deliberately indifferent to his medical needs, Mr. Boles must demonstrate that: (1) he suffered objectively serious medical needs; and (2) that the prison officials actually knew of and deliberately disregarded those needs.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (two-pronged standard "requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious").

Mr. Boles claims that Mr. Walsh denied him the prescription Vasocon for his allergies.  The undisputed evidence, however, shows that Mr. Walsh did not discontinue or deny Mr. Boles's prescription for Vasocon eye drops.  Instead, in late 2004 or early

2005, the Colorado Department of Corrections' ("CDOC") Non-Formulary Committee removed Vasocon from the CDOC's Formulary List. As a result, Vasocon could no longer be prescribed without specific authorization from the Non-Formulary Committee. As Mr. Walsh is not a member of the CDOC's Non-Formulary Committee, he was not personally involved in this decision and cannot be held liable for it. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

Mr. Boles's claim that Mr. Walsh did not properly treat him amounts to no more than his disagreement with the type of treatment he received and is not cognizable under the Eighth Amendment. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."). In addition, there is no evidence that Mr. Walsh deliberately disregarded Mr. Boles's medical needs in violation of the Eighth Amendment. Finally, Mr. Boles's related claim that Mr. Walsh made treatment decisions based on his own prejudice is simply conclusory and not supported by any objective evidence. *See Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir. 1991) ("[C]onclusory and self-serving affidavits are not sufficient" to establish the existence of a disputed material fact and therefore defeat a motion for summary judgment).

C.    Denial of Therapeutic Snacks (Eighth Amendment Claim)

Mr. Boles alleges that Mr. Dansdill and Dr. Creany violated his Eighth Amendment rights by discontinuing his therapeutic snacks. In October 2001, a dietician issued an order for Mr. Boles to receive therapeutic snacks to ameliorate some of his

health conditions.  The order expired in 2002 and was never renewed.  Nonetheless, Mr. Boles continued to receive therapeutic snacks.  In April 2004, Mr. Boles complained to Captain Dandsill about the quality of the snacks.  Captain Dansdill investigated and learned that there was no current order for Mr. Boles to receive therapeutic snacks.  Because FCF's Food Services cannot issue snacks to an inmate without a valid written medical order, Food Services stopped preparing snacks for Mr. Boles on April 28.  Accordingly, the undisputed evidence demonstrates that Mr. Boles did not have a medical order to receive such snacks; the evidence does not support Mr. Boles's allegation that Captain Dansdill and Dr. Creany canceled or discontinued his snacks in violation of the Eighth Amendment.

Moreover, Mr. Boles received a new order for therapeutic snacks on July 29, 2004, and he has not put forth evidence that the three-month period during which he did not receive snacks caused him any physical harm.  *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (delay in providing medical care to a prisoner violates the Eighth Amendment only if it results in substantial harm).  To the contrary, his medical records show that his hypoglycemia has not progressed into diabetes or otherwise worsened.

D.     Preparation of Kosher Food (First and Eighth Amendment Claims)

Mr. Boles contends that Lieutenant Peoples caused his kosher foods and therapeutic snacks to "become non-kosher" and to "deviate from the prescribed diet."  He alleges that he was served smelly eggs and rotten fruit, the food preparation area in the kitchen was not properly kashered, and Passover meals were served in a separate area

away from the chow hall. We agree with the magistrate's comprehensive analysis of the legal issues and the evidence underlying these claims, which we incorporate by reference here. In short, the undisputed evidence shows that rabbinical advisors to FCF's Food Services repeatedly concluded that FCF's kosher preparation area was satisfactory and that FCF Food Services was properly following guidelines for kosher food preparation. There is no evidence that any of the defendants knowingly served bad or rotten food or that any occasional problems were handled inappropriately. Finally, to the extent Mr. Boles complains that the Passover meals were served in the "holiday observance area" rather than in the chow hall, the evidence demonstrates that CFC was following the Passover Guidelines, which state that "the dining room is not an appropriate place for meal service due to there being chometz [i.e., forbidden foods] in the area." Moreover, FCF was not required to serve Passover meals in multiple locations. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (an inmate's free exercise rights may be limited in order to achieve legitimate correctional goals or to maintain prison security).

## III. CONCLUSION

The judgment of the district court is AFFIRMED, and Mr. Boles motion to proceed without prepayment of fees is DENIED. Mr. Boles must immediately pay the

unpaid balance of his filing fees.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge