**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES A. SYRUS,

        Plaintiff-Appellant,

v.

CLAY BENNETT; OKLAHOMA
CITY THUNDER,

        Defendants-Appellees.

No. 11-6117
(D.C. No. 5:10-CV-01116-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

Charles A. Syrus appeals from the district court's dismissal with prejudice

of his pro se copyright infringement action for failure to state a claim under

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND[1]

In 2007, Mr. Syrus wrote a song for defendant Oklahoma City Thunder, a professional basketball team in the National Basketball Association.  The Thunder was formerly the Seattle Supersonics and relocated to Oklahoma City for the 2008-09 season.  Mr. Syrus gave a copy of his song, for which he has a copyright registration, to the Oklahoma City Mayor's office in 2008.  He also gave the song to an unnamed coach and to the team's head cheerleader, apparently in response to the Thunder's request that fans share ideas with the team.  Mr. Syrus claimed that various uses of the phrases "Thunder Up," "Go Thunder," and "Let's Go Thunder" violated his copyright because the phrases were taken from his song's lyrics.  More specifically, he claimed that the phrases were chanted during games by the team's cheerleaders, its mascot, and, apparently, the crowd.  He also claimed that defendants used the phrases in advertising and on banners displayed at the team's home arena.  He asked for "20-30% of net gross" as compensatory damages.  R. at 5.[2]

---

[1]    Because we are reviewing a dismissal for failure to state a claim, we accept as true the well-pleaded factual allegations of Mr. Syrus's complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  And as a pro se litigant, Mr. Syrus is entitled to liberal treatment of his pleadings; however, we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2]    Although he alleged in his complaint that defendants used his music as well as his lyrics, Mr. Syrus advanced no argument in the district court in his response to defendants' motion to dismiss regarding the use of his music.  Likewise on appeal, he has advanced no discernible argument that defendants used the music

(continued...)

Defendants moved to dismiss the complaint with prejudice under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Based on those rules, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. For a claim to have facial plausibility, "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950 (brackets omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

The district court granted the motion with respect to defendant Clay Bennet, chairman of the Professional Basketball Club, LLC, the entity that owns the Thunder, on the ground that none of Mr. Syrus's allegations pertained to Mr. Bennett and therefore Mr. Syrus had not established a plausible claim against him. The court granted the motion with respect to the Thunder on the ground that the short phrases Mr. Syrus contended were the basis of his claim are not subject

---

[2](...continued)
from his song. Accordingly, we do not construe Mr. Syrus's claim as encompassing the use of the music from his song.

-3-

to copyright protection, and therefore he had not alleged facts establishing a plausible claim for relief. Mr. Syrus then filed this appeal and sought the district court's permission to proceed on appeal in forma pauperis (IFP). The district court denied the request on the ground that the appeal was not taken in good faith. Mr. Syrus has filed a motion with this court to proceed IFP.

## II.    DISCUSSION

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). To prevail on a claim of copyright infringement, a plaintiff must establish two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Mr. Syrus did not allege facts showing it likely that he could establish a plausible claim as to the first element.

Our analysis begins with the Copyright Clause of the United States Constitution, which gives Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. art. I, § 8, cl. 8. Exercising this power, Congress has provided for copyright protection to "*original* works of authorship fixed in any tangible medium of

expression." 17 U.S.C. § 102(a) (emphasis added).[3] "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), *and that it possesses at least some minimal degree of creativity*." *Feist Publ'ns, Inc.*, 499 U.S. at 345 (emphasis added). Indeed, as the Supreme Court has explained, the Copyright Clause "is intended to motivate the creative activity of authors and inventors by the provision of a special reward, and to allow the public access to the products of their genius after the limited period of exclusive control has expired." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984). Thus, copyright protection extends only to works that "are *the fruits of intellectual labor*." *The Trademark Cases*, 100 U.S. 82, 94 (1879). Accordingly, words and short phrases generally do not qualify for copyright protection, *see* 37 C.F.R. § 202.1(a) (listing among materials not subject to copyright protection "[w]ords and short phrases such as names, titles, and slogans"), particularly where they "convey[] an idea typically expressed in a limited number of stereotyped fashions," *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989).

---

[3]     Copyright protection does not "extend to any idea . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b); *see also* 37 C.F.R. § 202.1(b) (stating that ideas are not subject to copyright protection "as distinguished from the particular manner in which they are expressed or described").

The authors of one respected copyright treatise, however, have suggested that although "[t]he refusal to protect short phrases applies *a fortiori* to one or two words, . . . a short phrase may command copyright protection if it exhibits sufficient creativity. . . . The smaller the effort (*e.g.*, two words) the greater must be the degree of creativity in order to claim copyright protection." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.01[B], at 2-17 (Matthew Bender, Rev. Ed. 2011) (footnote omitted).

We need not decide whether the general rule against copyrighting short phrases admits of exceptions based on the level of creativity because we easily conclude that the phrases "Go Thunder" and "Let's Go Thunder" do not reflect the minimal creativity required for copyright protection.[4] The phrases are merely predictable variations on a cheer widely used in sports, that is, "Go" or "Let's Go" combined with the name of the team for which the cheer is uttered. Mr. Syrus's addition of the team name "Thunder" to the base form of the cheer required no "intellectual labor," *The Trademark Cases*, 100 U.S. at 94 (emphasis omitted), did not possess any "degree of creativity," *Feist Publ'ns, Inc.*, 499 at 345, and did not create a "product[] of [his] genius," *Sony Corp. of Am.*, 464 U.S. at 429. Rather, the phrases simply "convey[] an idea typically expressed

---

[4]    On appeal, Mr. Syrus has disclaimed any rights to the phrase "Thunder Up." *See* Aplt. Opening Br. at unnumbered p. 17.  Therefore, our discussion is limited to the phrases "Go Thunder" and "Let's Go Thunder."

in a limited number of stereotyped fashions," *Narell*, 872 F.2d at 911, and therefore are not subject to copyright protection.

None of Mr. Syrus's discernible arguments regarding the validity of his copyright persuades us differently. First, Mr. Syrus suggests that because he obtained a copyright registration for his song, the phrases are protected by copyright law under the presumption of validity accorded to certain registration certificates by 17 U.S.C. § 410(c). But as merely prima facie evidence of a copyright's validity, "a certificate of registration creates no irrebuttable presumption of copyright validity." *Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985) (quotation omitted). "Upon presentation of such a certificate, the defendant bears the burden to overcome the presumption of validity." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). And once a defendant challenges the validity of a copyright, "it is permissible for the district court itself to consider how the copyright law applies to the articles under consideration." *Carol Barnhart Inc.*, 773 F.2d at 414.

Mr. Syrus also advances the related proposition that the phrases are protected because even a small portion of a copyrighted work may be entitled to copyright protection. But significantly, "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright

-7-

protection may extend only to those components of a work that are original to the author." *Feist Publ'ns, Inc.*, 499 U.S. at 348. Thus, any copying of the short phrases from Mr. Syrus's song turns on whether the phrases themselves contain the requisite degree of creativity; an "'ordinary' phrase" taken from a copyrighted work "may be quoted without fear of infringement." *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987). As discussed, the phrases at issue here do not contain sufficient creativity; they are, in other words, "ordinary." *Id.* And contrary to another of Mr. Syrus's arguments, the fact that the Thunder did not claim a copyright in "Go Thunder" or "Let's Go Thunder" does not preclude defendants from arguing that those phrases lack the requisite degree of creativity to merit copyright protection; rather, the two positions are entirely consistent.

Mr. Syrus also appears to confuse copyright and trademark protection. For example, he argues that even individual words such as "Budweiser" and "Coors" are entitled to protection. But the type of protection "Budweiser" and "Coors" are entitled to (at least as appears relevant to Mr. Syrus's argument) is generated by trademark law, not copyright law. Unlike copyright law, trademark rights "grow[] out of . . . *use*" and do not "depend upon novelty, invention, discovery, or any work of the brain." *The Trademark Cases*, 100 U.S. at 94. Moreover, to qualify for trademark protection under federal law, a mark must be "use[d] in commerce," 15 U.S.C. § 1114(1)(a), which means "the bona fide use of a mark in the ordinary course of trade" on "goods" or "services," *id.* § 1127 (definition of

-8-

"use in commerce"). And the touchstone of a traditional trademark infringement analysis is whether one person's use of another's mark "is likely to cause confusion, or to cause mistake, or to deceive." *Id.* § 1125(a)(1); *see also id.* § 1114(1)(a) (same concerning federally registered marks); 15 *Okla. Stat. tit.* 78, § 31 (same regarding marks registered in Oklahoma); *id.* § 33 (preserving common law trademark rights). Mr. Syrus did not allege that he used the phrases "Go Thunder" or "Let's Go Thunder" in commerce in connection with his provision of any goods or services, nor did he advance a claim that defendants' use of the phrases constituted federal or state trademark infringement or violated any other trade-related laws.[5]

Because we conclude that Mr. Syrus does not have a valid copyright in the phrases "Go Thunder" or "Let's Go Thunder," his claims fail as a matter of law against both defendants. Thus, we do not separately address the district court's conclusion that Mr. Syrus's complaint failed to state a plausible claim against Mr. Bennett for lack of any allegations specific to him.

---

[5]     We acknowledge that Mr. Syrus filed a "Complaint for Negligence" in the district court attached to which were copies of trademark registrations he received from the Oklahoma Secretary of State for "Go Thunder!" and "Let's Go Thunder!" The district court struck the complaint as an unauthorized attempt to amend his original complaint. Although Mr. Syrus refers to trademark rights in his appellate briefs, he has not taken issue with the court's order striking his "Complaint for Negligence." Accordingly, there is no claim of trademark infringement for us to review.

The judgment of the district court is AFFIRMED. Mr. Syrus's motion to proceed IFP on appeal is granted. Mr. Syrus's request that this court admit an exhibit attached to his reply brief is denied.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge