**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHARLES A. SYRUS, JR.,

      Plaintiff - Appellant,

and

ANNETTA F. SYRUS, deceased,

      Plaintiff,

v.

NATIONAL BASKETBALL
ASSOCIATION; PROFESSIONAL
BASKETBALL CLUB, LLC; NBA TEAM
PLAYERS UNION ASSOCIATION; NBA
GLOBAL ATTORNEY LAW FIRMS;
GARY M. PURCELL, United States
Magistrate Judge,

      Defendants - Appellees.

No. 19-6096
(D.C. No. 5:19-CV-00504-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Proceeding pro se, Charles Syrus[1] appeals the district court's *sua sponte* dismissal of his complaint for failing to state a claim for relief that is plausible on its face. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

To understand the context of Syrus's current complaint, it is necessary to examine two other appeals Syrus initiated in this court after receiving unfavorable judgments from the United States District Court for the Western District of Oklahoma.[2] In *Syrus v. Bennett*, 455 F. App'x 806 (10th Cir. 2011) (unpublished), we rejected Syrus's argument that the Oklahoma City Thunder and the chairman of the LLC that owned the Thunder owed him "20–30% of net gross" profits for using the phrases "Go Thunder" and "Let's Go Thunder." *Id.* at 807–08, 810. Syrus composed a song containing those words and claimed to have "obtained a copyright registration for his song." *Id.* at 809. But those cheers were neither novel nor a product of Syrus's

---

[1] Annetta Syrus is not a proper party to this lawsuit because she has passed away, and a decedent's estate may not appear pro se. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("Parties who are not natural persons may not appear pro se." (quoting W.D. Okla. Civ. R. 17.1) (emphasis, internal quotation marks, and alterations removed)).

[2] The district court briefly mentioned Syrus's past appeals, but to see the whole story we must more closely examine the litigation history. When we reference facts contained in litigation documents but not in the record, we will take judicial notice of those facts. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citations omitted)); Fed. R. Evid. 201(a)–(d).

intellectual efforts, so we held that he did not have a valid copyright over them. *Id.* at 809–10.

Dissatisfied with that result, Syrus filed a second complaint in *Syrus v. Professional Basketball Club (PBC), LLC*, No. CIV-12-678-D, 2012 WL 2995739 (W.D. Okla. July 23, 2012). This time he claimed he also had trademarks. Complaint at 1, *Syrus*, No. CIV-12-678-D, 2012 WL 2995739. Before Syrus served his complaint, the Professional Basketball Club, LLC ("PBC") entered a special appearance, arguing that the district court should deny Syrus's motion to proceed *in forma pauperis* ("IFP") because his complaint was frivolous. The Professional Basketball Club, LLC's Objection to Plaintiff's Application to Proceed In Forma Pauperis at 1–2, *Syrus*, No. CIV-12-678-D, 2012 WL 2995739.

Issuing a report and recommendation, Magistrate Judge Gary Purcell found that Syrus's claims duplicated those in his earlier suit and, once more, failed to state a plausible claim for relief. *Syrus v. Prof'l Basketball Club (PBC) LLC*, No. CIV-12-678-D, 2012 WL 2995678, at *2–3 (W.D. Okla. June 21, 2012). Magistrate Judge Purcell also recommended that the district court deny Syrus's IFP motion because Syrus had not shown he was unable to pay the filing costs. *Id.* at *3. Syrus never objected, and the district court accepted the report and recommendation. *Syrus*, 2012 WL 2995739, at *1.

Despite his failure to object in the district court, Syrus appealed the district court's order. Notice of Appeal at 1, *Syrus*, No. CIV-12-678-D, 2012 WL 2995739. We dismissed Syrus's appeal, concluding that he had waived appellate review of the

legal issues by not having objected to the report and recommendation. *Syrus v. Prof'l Basketball Club (PBC) LLC*, No. 12-6219, at 2–3 (10th Cir. Oct. 11, 2012).

In May 2019, believing both cases were wrongly decided, Syrus filed a third complaint in the district court. That two-page complaint lists five defendants: (1) the National Basketball Association, (2) PBC, (3) NBA Team Players Union Association, (4) the NBA's Global Attorney Law Firms, and (5) Magistrate Judge Purcell. The complaint requests the following relief and charges the defendants with the following conduct:

- "AN EN BANC JURY TRIAL & COURT DATE FOR ORAL ARGUMENTS";
- "REVERSE & REMAND REVIEW OF [Syrus's Second Lawsuit]";
- "CONSPIRACY TO COMMIT VIOLATIONS WITH U.S. CONST CRISES";
- "USE[] [of] EXECUTIVE PRIVILEGE TO PURPOSELY VIOLATE U.S. CONST'NL AUTHORITIES";
- "( . . . TWO TRILLION) [in damages]";
- "PULLED PREMEADITATED [sic] EVIL TRIGGERS OF PROBABLE CAUSE";
- "(DEF)S WITHOUT BEING SERVED . . . BEFORE UNITED STATES CHIEF JUDGE OR ANY U.S. JUDGE . . . [MADE] A SPECIAL APPEARANCE";
- "WITH UNSWORN OATHS IN (DEF)'S CHAMBERS DISCUSSING A PENDING IMPENDING, UPCOMING CASE";
- "[MADE] WILLFUL, PERJURY-LIBEL, SLANDER, ILLEGAL (RICO) ON PURPOSE";
- "EXCHANGE[d] GIFTS WITH PERSONS VIOLATING A U.S. MAGI [sic] JUDGE AVAILABILITY";
- "EXCESSIVE FORCE CREATED DANGEROUS SUPERIORITY CONSEQUENCES."

R. vol. I at 4 (brackets containing uppercase letters in original).

The district court noted that Syrus's complaint was "hard to decipher and largely unintelligible," "not com[ing] close to stating a plausible claim against any defendant." *Id.* at 58–59. Further, it reasoned that Magistrate Judge Purcell was shielded by absolute immunity. Therefore, the district court dismissed Syrus's third complaint with prejudice.

On appeal, Syrus's brief is as unintelligible as his complaint. Without any legal analysis, Syrus appears to complain that PBC's special appearance was improper and that PBC and Magistrate Judge Purcell somehow conspired against him to deprive him of his constitutional rights.

## DISCUSSION

### I. Standard of Review and Fed. R. Civ. P. 8(a)(2)

When a plaintiff files a motion to proceed IFP, a district court "shall dismiss the case at any time" if the plaintiff's complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). We review de novo a district court's decision to dismiss on either ground. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)); *Snell v. Tunnell*, 920 F.2d 673, 675 (10th Cir. 1990) (citations omitted) (stating that we review de novo a district court's immunity conclusions). And if the plaintiff is pro se, we liberally construe the plaintiff's complaint. *Kay*, 500 F.3d at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

5

Though pro se plaintiffs receive the benefits of liberal construction, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks, citation, and brackets omitted). That said, unlike for other litigants, we will overlook certain shortcomings when it comes to a pro se plaintiff, such as "[his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (internal quotation marks omitted) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The obligation to construct and present arguments, however, always rests with pro se plaintiffs—we will not shed our robes and become their advocates. *See id.* (citing *Hall*, 935 F.2d at 1110).

One procedural rule that all litigants must obey is Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court interpreted that language to mean that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipses in original) (internal quotation marks and citation omitted). But notice is not enough; a complaint must also be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570). That means the pleaded factual content "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.      Incomprehensible Claims

Liberally construing Syrus's complaint, we agree with the district court that the complaint's allegations fail to provide reasonable notice of plausible claims. Indeed, though we acknowledge the difficulties of proceeding pro se, as seen from the quoted portion above, Syrus's complaint is nonsensical. Even if we could sort through the complaint and find a claim, Syrus would run headlong into his previous dismissals covering his copyright allegations, in addition to the firm-waiver rule and absolute immunity for anything beyond that. The firm-waiver rule bars Syrus's objection to the procedure by which the district court handled his second complaint. Under that rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Syrus failed to object to the report and recommendation; therefore, he has waived appellate review on any issues presented to the magistrate judge, decided by the magistrate judge, and adopted by the district court. *See id.*

Syrus meets neither exception—the insufficient-notice or interests-of-justice exceptions—to the firm-waiver rule. *Id.* (citations omitted). Magistrate Judge Purcell informed Syrus of the time period to object and the consequences of failing to do so. *Syrus*, 2012 WL 2995678, at *3. And we see no basis to rule that the interests of

justice require review. Syrus has not explained what efforts he made to comply with the requirement that he object to the report and recommendation or what important issue needs resolving.

Finally, Syrus's complaint also fails to give notice of any plausible claim against Magistrate Judge Purcell. And even if we could discern a claim, it would be barred by judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly . . . ."). Thus, the district court properly dismissed Syrus's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

### III.        Syrus's IFP Motions

To proceed IFP, Syrus must demonstrate "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks and citation omitted). One way we decide if a claim is frivolous is if it is rooted in an "indisputably meritless" legal theory. *Olson v. Stotts*, 9 F.3d 1475, 1476 (10th Cir. 1993) (internal quotation marks omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Syrus's appeal is indisputably meritless. So we deny his IFP motion and supplemental IFP motion.

**CONCLUSION**

We affirm the district court, deny Syrus's motion and supplemental motion to proceed IFP, and deny as moot his motion for an "Amendment to Jurisdictional Facts," his motion for a "Directed Verdict," his "Motion Summons Checklist of Facts," his "Motion and Affidavit to Expedite Hearing," his "Motion Oral Arguments," and his "Motion Illegal (Rico)."

Entered for the Court

Gregory A. Phillips
Circuit Judge

9