**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONIO ALEXANDER MCGEE,

    Plaintiff - Appellant,

v.

CORIZON; KANSAS DEPARTMENT OF
CORRECTIONS; D. LUNDRY, Medical
Administrator; (FNU) (LNU), Corizon
Unknown Doctor,

    Defendants - Appellees.

No. 20-3111
(D.C. No. 5:20-CV-03085-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.[**]
_____

Antonio McGee, a Kansas state prisoner,[1] appeals the district court's dismissal

of his 42 U.S.C. § 1983 claim against the Kansas Department of Corrections, Corizon

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

[1] Because McGee is proceeding pro se, we liberally construe his pleadings.
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Accordingly, we can
make allowances for the "plaintiff's failure to cite proper legal authority, his
confusion of various legal theories, his poor syntax and sentence construction, or his

Healthcare, D. Lundry (a medical administrator), and an unknown doctor. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of this claim.

## BACKGROUND

Because the district court dismissed McGee's complaint for failure to state a claim, we accept his handwritten, pro se allegations as true. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976). In his complaint, McGee alleges his constitutional rights were violated when he requested medical care at the prison and his treatment was both delayed and denied. Beginning on December 4, 2019, McGee requested an x-ray, alleging that a razor had become lodged in his throat. On March 4, 2020, a doctor x-rayed McGee's neck and found it normal. Dissatisfied with the results, McGee requested a second opinion, urging Administrator Lundry that the doctor had misinterpreted the scan and that the x-ray was wrong. Lundry assured McGee that a second opinion was unnecessary because the x-ray showed no foreign body in his neck.

The district court conducted a preliminary review under 28 U.S.C. § 1915A(a). It directed McGee to show cause or submit an amended complaint to demonstrate why the case should not be dismissed for failure to state a claim. Because McGee largely ignored the district court's directive, it dismissed the case. In a thorough, well-reasoned order, it concluded that McGee had failed to state a plausible claim.

---

unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We cannot, however, assume the role of his advocate. *Id.*

DISCUSSION

We review de novo a district court's order dismissing a case for failure to state a claim. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). "The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Even liberally construing his pro se briefing, McGee has failed to do so.

To determine whether a plaintiff's complaint states a viable claim for relief, the claim must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And while we take McGee's factual assertions as true, we are not required to accept his legal conclusions as true. *Id.*

To bring a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Initially, we note that McGee did not assert a specific constitutional violation. *See* R. 4 ("Violation of my constitutional rights."). But, like the district court, we construe his claim under the Eighth Amendment because it is the only relevant provision.

At its core, McGee's complaint faults the government for failing to fulfill one of its essential functions: providing prisoners adequate medical care. *See Estelle*, 429 U.S. at 103 (noting the government's duty to provide medical care to incarcerated individuals). But the government's failure to provide medical care violates the Eighth

Amendment only when it demonstrates "deliberate indifference to serious medical needs of prisoners." *Id.* at 104. "[I]ndifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05 (footnotes omitted).

Further, a claim asserting deliberate indifference for inadequate medical care includes both an objective and a subjective component. *Estate of Booker v. Gomez*, 745 F.3d 405, 430 (10th Cir. 2014) (citation omitted). The objective component inquires whether the prisoner's medical need is "'sufficiently serious'" such that it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The subjective component requires that the prisoner "present[] evidence of the prison official's culpable state of mind," that is, that the "official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* (citations omitted).

McGee generally alleges two forms of deliberate indifference—one based on the delay in x-raying him, and the other based on the denial of his request for a second opinion. Regarding McGee's complaint that the x-ray was not done promptly enough, we note that a "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *McBride*, 240 F.3d at 1289 (quoting *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)). McGee argues generally that he has suffered harm because, "I still have an [sic] razor in my throat." Br. 2.

4

To be sure, depending on the circumstances, even a brief delay of medical care may be unconstitutional. *Mata*, 427 F.3d at 755. Yet "an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105–06 (internal quotation marks omitted). Rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, McGee claims that his constitutional rights were violated when the prison took three months to x-ray his neck. [2] But McGee fails to provide even minimal factual support of "deliberate indifference." He never points to any individual he spoke to about his need for an x-ray. Nor does he allege that he displayed symptoms to any prison personnel or doctor that were consistent with an object being lodged in his neck. Further still, a claim that a physician was "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

A prisoner's having a razor lodged in his throat would be an objectively serious condition. But McGee offers nothing concerning the subjective prong, that is,

---

[2] McGee alleges it took four months to get an x-ray, but in fact, it was three months. And to note, while McGee alleged in his complaint that he was not provided medical care for several months after making his initial request for an x-ray, the district court did not expressly address this claim. But he sufficiently raises this argument on appeal and we address it now. Br. 2 (alleging "[i]nsufficient treatment 'time to react' to the request to get an x-ray").

5

that prison officials acted with a culpable state of mind such that their failure to provide an initial x-ray was more than just "inadvertent." *Id*. at 105. We likewise adopt the district court's reasoning in support of its dismissing McGee's deliberate-indifference claims.

As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). And his claim against Corizon is equally deficient because he cites no policy under which McGee's rights were violated. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215–16 (10th Cir. 2003) (finding the *Monell* doctrine—requiring an official policy to be the moving force behind a constitutional violation—applies to private defendants fulfilling a government function).

Having concluded that McGee's complaint fails to state a claim for relief, we next consider whether to impose a strike under the Prison Litigation Reform Act. Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), we impose a strike because McGee's appeal was frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that "an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits'") (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). McGee's arguments contravene well-established law of deliberate indifference and immunity, and he offers no reasons to modify this law. *See id.* Together with the district court's dismissal of his claim, McGee has two strikes associated with this case. *Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d

775, 780 (10th Cir. 1999) (overruled in part on separate grounds) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). Because he has accrued four strikes, he may no longer proceed in forma pauperis while a prisoner in any civil action or appeal in federal court unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In conjunction with this appeal, McGee moved to proceed in forma pauperis despite the district court's order stating that the appeal was not taken in good faith. *McGee v. Corizon*, No. 20-3085-SAC, Doc. No. 18 (D. Kan. July 20, 2020). Under 28 U.S.C. § 1915(a), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Considering the district court's order and the frivolous nature of this appeal, we deny McGee's motion and remind him he is obligated to immediately pay the remaining balance of the appellate filing fee. *See Rachel v. Troutt*, 820 F.3d 390, 399 (10th Cir. 2016) (noting that a granting of in forma pauperis status eliminates only the need for *prepayment* of a filing fee, not the obligation of the filing fee itself).

**CONCLUSION**

For the reasons stated above, we AFFIRM the district court's dismissal of this claim and DENY McGee's motion to proceed in forma pauperis.

Entered for the Court


Gregory A. Phillips
Circuit Judge